UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

KENNETH HEBDEN,                    HONORABLE JEROME B. SIMANDLE

                Petitioner,              Civil Action
                                    No. 14-cv-4568 (JBS)
        v.                              **OPINION**

NEW JERSEY STATE PAROLE BOARD,
et al.,

                Respondents.


**SIMANDLE, District Judge:**

1.   Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 arguing Respondent New Jersey State Parole Board improperly denied him parole.[1] Petitioner, Docket Entry 1. Respondent argues the petition is time-barred and unexhausted in the state courts. Answer, Docket Entry 7.

2.   For the reasons set forth below, the petition is dismissed as moot.

---

[1] Although Petitioner cites § 2241 as the basis of the Court's jurisdiction, "a habeas corpus petition filed under 28 U.S.C. § 2254 is the only proper mechanism for a state prisoner to challenge the 'fact or duration' of his state confinement." *McKnight v. United States*, 27 F. Supp. 3d 575, 587 (D.N.J. 2014). This includes challenges to denial of parole. *Id.* (citing Brian R. Means, *Federal Habeas Manual* § 1:34 (May 2013)). The Court will not convert the petition into a § 2254 action at this time as it is being dismissed as moot.

3. Petitioner was sentenced to life imprisonment on April 13, 1981. Answer at 5 (citing *Hebden v. N.J. State Parole Bd.*, No. A-3335-08, 2010 WL 2010912, at *1 (N.J. Super. Ct. App. Div. May 17, 2010)).

4. Petitioner was denied parole on April 12, 2011 by a two-member panel of the Parole Board. Respondent's Exhibit A. The Parole Board established a future eligibility term ("FET") of thirty-six months. *Id.*

5. Petitioner did not appeal this decision to the full Parole Board or to the New Jersey Superior Court Appellate Division. *See* N.J. ADMIN. CODE 10A:71-4.1(a); N.J. Ct. R. 2:2-3(a).

6. Petitioner mailed his petition on July 18, 2014. Respondent submitted its answer on April 6, 2015.

7. On August 18, 2015, Petitioner submitted a letter from the Parole Board indicating he had been denied release on parole again on July 23, 2015. Letter, Docket Entry 8.

8. The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "The 'case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the

outcome of the lawsuit.'" *Chestnut v. Warden Lewisburg USP*, 592 F. App'x 112, 113 (3d Cir. 2015) (omission in original) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)).

9. Petitioner's challenge to the 2011 denial of parole is moot because of the denial of parole in 2015. "In the context of habeas challenges to parole refusals, a subsequent parole hearing generally moots claims where the proper relief is a new parole hearing." *Thompson v. D'Ilio*, No. 13-6282, 2016 WL 6305953, at *5 (D.N.J. Oct. 27, 2016).

10. To the extent Petitioner wishes to challenge the 2015 denial of parole and establishment of a 120-month FET, he would have to do so in a separate § 2254 action after he exhausted state court remedies. *McKnight v. United States,* 27 F. Supp. 3d 575, 587–88 (D.N.J. 2014). The Court declines to create such an action at this time because Petitioner stated he was not appealing the 2015 decision of the Parole Board. Letter at 1. Therefore, it is clear that Petitioner did not exhaust his state court remedies challenging that decision of the Parole Board.

11. To the extent a certificate of appealability is required, the Court declines to issue one. The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as moot is correct.

    12.  An appropriate order follows.

| | |
|---|---|
| **August 22, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |